John E. Flaherty
Jonathan M. H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T (973) 622-4444
F (973) 624-7070

*Attorneys for all Plaintiffs*

*Of Counsel*:

| | |
|---|---|
| Eric J. Lobenfeld | Philippe Y. Riesen |
| Arlene L. Chow | **HOGAN LOVELLS HORITSU** |
| **HOGAN LOVELLS US LLP** | **JIMUSHO** |
| 875 Third Avenue | Gaikokuho Kyodo Jigyo |
| New York, New York 10022 | 15th Floor Daido Seimei |
| T (212) 918-3000 | Kasumigaseki Building |
| F (212) 918-3100 | 1-4-2 Kasumigaseki |
| | Chiyoda-ku, Tokyo 100-0013 |
| | Japan |
| *Attorneys for all Plaintiffs* | (81) 3-5157-8200 |

*Attorney for all Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WOCKHARDT BIO AG, WOCKHARDT LIMITED, and WOCKHARDT USA LLC., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND CERTIFICATION PURSUANT TO LOCAL RULE 11.2** |

1

Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Plaintiffs"), as and for their Complaint against defendants Wockhardt Bio AG, Wockhardt Limited, and Wockhardt USA LLC (collectively, "Defendants" or "Wockhardt"), allege as follows:

## THE PARTIES

1. Plaintiff Takeda Pharmaceutical Company Limited ("Takeda Japan") is a Japanese corporation, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan. As part of its business, Takeda Japan is involved in the research, development, and marketing of pharmaceutical products. Takeda Japan manufactures lansoprazole orally disintegrating tablets.

2. Plaintiff Takeda Japan is the owner of record and assignee of U.S. Patent No. 6,328,994 (" '994 Patent"), U.S. Patent No. 7,431,942 (" '942 Patent"), U.S. Patent No. 7,399,485 (" '485 Patent"), and U.S. Patent No. 7,875,292 (" '292 Patent") (collectively, "the patents-in-suit").

3. Plaintiff Takeda Pharmaceuticals U.S.A., Inc. ("Takeda U.S.A.") is a Delaware corporation, having a principal place of business at One Takeda Parkway, Deerfield, Illinois 60015. As part of its business, Takeda U.S.A. is involved in the research, development, and marketing of pharmaceutical products. Takeda U.S.A. is the registered holder of approved New Drug Application No. 21-428. In addition, Takeda U.S.A. has the exclusive right to import lansoprazole orally disintegrating tablets into the United States. Takeda U.S.A. purchases lansoprazole orally disintegrating tablets manufactured by Takeda Japan from Takeda Japan and imports them into the United States.

4. Plaintiff Takeda Pharmaceuticals America, Inc. ("Takeda America") is a Delaware corporation, having a principal place of business at One Takeda Parkway, Deerfield, Illinois 60015. As part of its business, Takeda America is involved in the purchase, sale and marketing of pharmaceutical products. Takeda America has the exclusive right to purchase lansoprazole orally disintegrating tablets from Takeda U.S.A. and sell those tablets to the public in the United States. Takeda America sells lansoprazole orally disintegrating tablets manufactured by Takeda Japan that it purchases from Takeda U.S.A. to the public in the United States.

5. On information and belief, defendant Wockhardt Bio AG ("Wockhardt AG") is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Baarerstrasse 43, 6300 Zug, Switzerland. Wockhardt AG, itself and through its subsidiary Wockhardt USA LLC ("Wockhardt USA"), is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this District.

6. On information and belief, defendant Wockhardt Limited is a corporation organized and existing under the laws of India, having a principal place of business at Bandra-Kurla Complex, Bandra East, Mumbai 400 051, India. Wockhardt Limited, itself and through its subsidiaries, Wockhardt AG and Wockhardt USA, is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products throughout the United States, including in this District.

7. On information and belief, defendant Wockhardt USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Waterview Boulevard, Parsippany, New Jersey, 07054. Wockhardt USA, with the assistance

and/or direction of its parent corporations Wockhardt AG and Wockhardt Limited, develops, manufactures, markets, imports, offers to sell, and/or sells generic drug products for sale and use throughout the United States, including this District.

8. On information and belief, Wockhardt AG, Wockhardt Limited, and Wockhardt USA operate and act in concert as an integrated, unitary business for purposes of manufacturing, marketing, selling and distributing generic pharmaceutical products.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States of America, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. On information and belief, Wockhardt AG is subject to personal jurisdiction in this District by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, its substantial and continuing contacts with the State, including but not limited to its sales of products in New Jersey and derivation of substantial revenues therefrom.

11. On information and belief, Wockhardt Limited has consented to personal jurisdiction in this District. *See, e.g., Novartis Pharmaceuticals Corp. et. al. v. Wockhardt USA LLC et. al.*, 2:12-CV-3967-SDW-MCA (D.N.J.). Wockhardt Limited is also subject to personal jurisdiction in this District, by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, its substantial and continuing contacts with the State, including but not limited to its sales of products in New Jersey and derivation of substantial revenues therefrom.

12. Wockhardt USA is subject to personal jurisdiction in this District because it has availed itself to the benefits and protections of New Jersey's laws by, among other things, maintaining its principal place of business in Parsippany, New Jersey.

13. On information and belief, Wockhardt USA has consented to personal jurisdiction in this District. *See, e.g., Novartis Pharmaceuticals Corp. et. al. v. Wockhardt USA LLC et. al.*, 2:12-CV-3967-SDW-MCA (D.N.J.). Wockhardt USA is also subject to personal jurisdiction in this District, by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of New Jersey law, its substantial and continuing contacts with the State, including but not limited to its sales of products in New Jersey and derivation of substantial revenues therefrom.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTS PERTINENT TO ALL CLAIMS FOR RELIEF**

15. On December 11, 2001, the United States Patent and Trademark Office ("PTO") issued the '994 Patent, entitled "Orally Disintegrating Tablets," to Takeda Chemical Industries, Ltd. (now Takeda Pharmaceutical Company Ltd.), the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata. Plaintiff Takeda Japan is the record owner of the '994 Patent. A copy of the '994 Patent is attached hereto as Exhibit A.

16. On October 7, 2008, the PTO issued the '942 Patent", entitled "Orally Disintegrable Tablets," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata. Plaintiff Takeda Japan is the record owner of the '942 Patent. A copy of the '942 Patent is attached hereto as Exhibit B.

17.     On July 15, 2008, the PTO issued the '485 Patent, entitled "Rapidly Disintegrable Solid Preparation," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Masae Sugaya, and Yoshinori Nakano.  Plaintiff Takeda Japan is the record owner of the '485 Patent.  A copy of the '485 Patent is attached hereto as Exhibit C.

18.     On January 25, 2011, the PTO issued the '292 Patent, entitled "Orally Disintegrable Tablets," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata.  Plaintiff Takeda Japan is the record owner of the '292 Patent.  A copy of the '292 Patent is attached hereto as Exhibit D.

19.     On August 30, 2002, the United States Food and Drug Administration ("FDA") approved New Drug Application ("NDA") No. 21-428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg.  Plaintiff Takeda U.S.A. is the holder of NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, which Plaintiff Takeda America sells under the name Prevacid® SoluTab™.

20.     The patents-in-suit are listed in a FDA publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (known as the "Orange Book") for Prevacid® SoluTab™, lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg.

21.     On information and belief, through the coordinated efforts of its staff worldwide, Defendants seek to constantly expand the range of generic products they sell.

22.     On information and belief, Defendants collaborate in the manufacture, marketing and sale of many pharmaceutical products (including generic drug products manufactured and sold pursuant to an approved abbreviated new drug application) within the United States generally and the State of New Jersey specifically.

23. On information and belief, Defendants actively review pharmaceutical patents and seek opportunities to challenge those patents.

24. On information and belief, Defendants reviewed the patents-in-suit and certain commercial and economic information relating to Prevacid® SoluTab™, including estimates of the revenues generated by the sale of Prevacid® SoluTab™, and decided to file an Abbreviated New Drug Application ("ANDA"), seeking approval to market lansoprazole delayed release orally disintegrating tablets.

25. On information and belief, Defendants collaborated in the research, development, preparation and filing of ANDA No. 205560 for lansoprazole delayed release orally disintegrating tablets.

26. On information and belief, Wockhardt AG submitted to FDA ANDA No. 205560 seeking approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, prior to the expiration of the patents-in-suit.

27. Plaintiffs received a letter from Wockhardt USA and Wockhardt Limited, dated September 17, 2013, notifying Plaintiffs that ANDA No. 205560 includes a certification under 21 U.S.C. 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") that, in Wockhardt AG's opinion, no valid, enforceable claim of the patents-in-suit will be infringed by the commercial manufacture, use or sale of the lansoprazole delayed release orally disintegrating tablet products described in ANDA No. 205560.

28. On information and belief, Wockhardt Limited made the ultimate decision to file ANDA No. 205560 with FDA, and encouraged and directed Wockhardt AG to file ANDA No.

205560 with a Paragraph IV certification, and Wockhardt AG did so at Wockhardt Limited's direction.

29. Defendants were aware of the patents-in-suit when Wockhardt AG filed its ANDA No. 205560 with a Paragraph IV certification.

30. Plaintiffs commenced this action within 45 days of the date they received Wockhardt AG's notice of ANDA No. 205560 containing the Paragraph IV certification.

31. On information and belief, Wockhardt AG, Wockhardt Limited and Wockhardt USA will continue to collaborate in seeking approval of ANDA No. 205560 from FDA and intend to collaborate in the commercial manufacture, marketing, and sale of lansoprazole delayed release orally disintegrating tablets (including commercial marketing and sale of such products in the State of New Jersey) in the event that FDA approves ANDA No. 205560.

## FIRST CLAIM FOR RELIEF
**(Direct Infringement of the '994 Patent by Defendants)**

32. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '994 Patent.

34. By filing ANDA No. 205560 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets products described therein, prior to the expiration of the '994 Patent with pediatric exclusivity, Defendants have infringed the '994 Patent under 35 U.S.C. § 271(e)(2).

35. Defendants were aware of the existence of the '994 Patent prior to filing ANDA No. 205560 but took such action knowing that it would constitute infringement of the '994 Patent.

36. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the '994 Patent.

37. Defendants' conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

38. Takeda will be irreparably harmed if Defendants are not enjoined from infringing the '994 Patent.

### SECOND CLAIM FOR RELIEF
#### (Inducement of Infringement of the '994 Patent by Wockhardt AG and Wockhardt Limited)

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 hereof, as if fully set forth herein.

40. On information and belief, Wockhardt AG initiates, directs and controls the activities of its subsidiary company, Wockhardt USA, with regard to ANDA No. 205560 and the lansoprazole delayed release orally disintegrating tablets described therein.

41. On information and belief, Wockhardt USA, under the control of Wockhardt AG, was involved with the preparation and filing of ANDA No. 205560 with FDA.

42. By reason of Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '994 Patent, Wockhardt AG has caused and continues to cause irreparable harm to Plaintiffs.

43. On information and belief, Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '994 Patent will continue unless enjoined by this Court.

44. Plaintiffs have no adequate remedy at law for Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '994 Patent.

45. Through the conduct alleged above, Wockhardt Limited has knowingly and actively induced Wockhardt AG to infringe, and continue to infringe, one or more claims of the '994 patent.

46. By reason of Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '994 Patent, Wockhardt Limited has caused and continues to cause irreparable harm to Plaintiffs.

47. On information and belief, Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '994 Patent will continue unless enjoined by this Court.

48. Plaintiffs have no adequate remedy at law for Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '994 Patent.

49. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## THIRD CLAIM FOR RELIEF
### (Direct Infringement of the '942 Patent by Defendants)

50. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49 hereof, as if fully set forth herein.

51. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '942 Patent.

52. By filing ANDA No. 205560 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets described therein, prior to the expiration of the '942 Patent with pediatric exclusivity, Defendants have infringed the '942 Patent under 35 U.S.C. § 271(e)(2).

53. Defendants were aware of the existence of the '942 Patent prior to filing ANDA No. 205560 but took such action knowing that it would constitute infringement of the '942 Patent.

54. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the '942 Patent.

55. Defendants' conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

56. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing the '942 Patent.

## FOURTH CLAIM FOR RELIEF
### (Inducement of Infringement of the '942 Patent by Wockhardt AG and Wockhardt Limited)

57. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 hereof, as if fully set forth herein.

58. On information and belief, Wockhardt AG initiates, directs and controls the activities of its subsidiary company, Wockhardt USA, with regard to ANDA No. 205560 and the lansoprazole delayed release orally disintegrating tablets described therein.

59. On information and belief, Wockhardt USA, under the control of Wockhardt AG, was involved with the preparation and filing of ANDA No. 205560 with FDA.

60. By reason of Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '942 Patent, Wockhardt AG has caused and continues to cause irreparable harm to Plaintiffs.

61. On information and belief, Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '942 Patent will continue unless enjoined by this Court.

62. Plaintiffs have no adequate remedy at law for Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '942 Patent.

63. Through the conduct alleged above, Wockhardt Limited has knowingly and actively induced Wockhardt AG to infringe, and continue to infringe, one or more claims of the '942 patent.

64. By reason of Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '942 Patent, Wockhardt Limited has caused and continues to cause irreparable harm to Plaintiffs.

65. On information and belief, Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '942 Patent will continue unless enjoined by this Court.

66. Plaintiffs have no adequate remedy at law for Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '942 Patent.

67. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## FIFTH CLAIM FOR RELIEF
### (Direct Infringement of the '485 Patent by Defendants)

68. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 67 hereof, as if fully set forth herein.

69. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '485 Patent.

70. By filing ANDA No. 205560 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets described therein, prior to the expiration of the '485 Patent with pediatric exclusivity, Defendants have infringed the '485 Patent under 35 U.S.C. § 271(e)(2).

71. Defendants were aware of the existence of the '485 Patent prior to filing ANDA No. 205560 but took such action knowing that it would constitute infringement of the '485 Patent.

72. On information and belief, Defendants acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '485 Patent.

73. Defendants' conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

74. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing the '485 Patent.

## SIXTH CLAIM FOR RELIEF
### (Inducement of Infringement of the '485 Patent by Wockhardt AG and Wockhardt Limited)

75. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 74 hereof, as if fully set forth herein.

76. On information and belief, Wockhardt AG initiates, directs and controls the activities of its subsidiary company, Wockhardt USA, with regard to ANDA No. 205560 and the lansoprazole delayed release orally disintegrating tablets described therein.

77. On information and belief, Wockhardt USA, under the control of Wockhardt AG, was involved with the preparation and filing of ANDA No. 205560 with FDA.

78. By reason of Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '485 Patent, Wockhardt AG has caused and continues to cause irreparable harm to Plaintiffs.

79. On information and belief, Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '485 Patent will continue unless enjoined by this Court.

80. Plaintiffs have no adequate remedy at law for Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '485 Patent.

81. Through the conduct alleged above, Wockhardt Limited has knowingly and actively induced Wockhardt AG to infringe, and continue to infringe, one or more claims of the '485 patent.

82. By reason of Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '485 Patent, Wockhardt Limited has caused and continues to cause irreparable harm to Plaintiffs.

14

83. On information and belief, Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '485 Patent will continue unless enjoined by this Court.

84. Plaintiffs have no adequate remedy at law for Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '485 Patent.

85. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**SEVENTH CLAIM FOR RELIEF**
**(Direct Infringement of the '292 Patent by Defendants)**

86. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 85 hereof, as if fully set forth herein.

87. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '292 Patent.

88. By filing ANDA No. 205560 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets described therein, prior to the expiration of the '292 Patent with pediatric exclusivity, Defendants have infringed the '292 Patent under 35 U.S.C. § 271(e)(2).

89. Defendants were aware of the existence of the '292 Patent prior to filing ANDA No. 205560 but took such action knowing that it would constitute infringement of the '292 Patent.

90. On information and belief, Defendants acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '292 Patent.

91. Defendants' conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

92. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing the '292 Patent.

## EIGHTH CLAIM FOR RELIEF
### (Inducement of Infringement of the '292 Patent by Wockhardt AG and Wockhardt Limited)

93. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 92 hereof, as if fully set forth herein.

94. On information and belief, Wockhardt AG initiates, directs and controls the activities of its subsidiary company, Wockhardt USA, with regard to ANDA No. 205560 and the lansoprazole delayed release orally disintegrating tablets described therein.

95. On information and belief, Wockhardt USA, under the control of Wockhardt AG, was involved with the preparation and filing of ANDA No. 205560 with FDA.

96. By reason of Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '292 Patent, Wockhardt AG has caused and continues to cause irreparable harm to Plaintiffs.

97. On information and belief, Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '292 Patent will continue unless enjoined by this Court.

98. Plaintiffs have no adequate remedy at law for Wockhardt AG's inducement of Wockhardt USA's direct infringement of the '292 Patent.

99. Through the conduct alleged above, Wockhardt Limited has knowingly and actively induced Wockhardt AG to infringe, and continue to infringe, one or more claims of the '292 patent.

100. By reason of Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '292 Patent, Wockhardt Limited has caused and continues to cause irreparable harm to Plaintiffs.

101. On information and belief, Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '292 Patent will continue unless enjoined by this Court.

102. Plaintiffs have no adequate remedy at law for Wockhardt Limited's inducement of Wockhardt AG's direct infringement of the '292 Patent.

103. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. An order adjudging and decreeing that Defendants have infringed the patents-in-suit;

B. An order adjudging and decreeing that Wockhardt AG and Wockhardt Limited have induced infringement of the patents-in-suit;

C. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 205560 be no earlier than the expiration date of the last of the patents-in-suit, including any extensions and/or exclusivities;

D. A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the lansoprazole products described in ANDA No. 205560 or any other ANDA not colorably different from ANDA No. 205560 until the expiration date of the last of the patents-in-suit, including any extensions and/or exclusivities;

E. A declaration that this case is exceptional and an award of attorneys' fees under 35 U.S.C. § 285 and costs and expenses in this action; and

F. Such other and further relief as the Court may deem just and proper.

                                      Respectfully submitted,

Dated: October 25, 2013            By:    *s/ John E. Flaherty*
                                                             John E. Flaherty
                                                             Jonathan M.H. Short
                                                              **MCCARTER & ENGLISH, LLP**
                                                               Four Gateway Center
                                                               100 Mulberry Street
                                                               Newark, New Jersey 07102
                                                              (973) 622-4444

                                                              *Attorneys for all Plaintiffs*

OF COUNSEL:

Eric J. Lobenfeld
Arlene L. Chow
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Philippe Y. Riesen
**HOGAN LOVELLS HORITSU JIMUSHO**
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013 Japan
(81) 3-5157-8200

*Attorneys for all Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that certain of the patents-in-suit in the above-captioned action are the subject of another action pending in this District: *Takeda Pharm. Co. Ltd. et al. v. Lupin Ltd. et al*, Civ. Action No. 3:12-07333 (JAP) (TJB) (D.N.J.) (U.S. Patent No. 6,328,994).

Respectfully submitted,

Dated: October 25, 2013

By: *s/ John E. Flaherty*
John E. Flaherty
Jonathan M.H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for all Plaintiffs*

OF COUNSEL:

Eric J. Lobenfeld
Arlene L. Chow
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Philippe Y. Riesen
**HOGAN LOVELLS HORITSU JIMUSHO**
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013 Japan
(81) 3-5157-8200

*Attorneys for all Plaintiffs*